IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
                                    :
GIOVANNI OSWALDO AMAYA-CORNEJO
                                    :

     v.                             :  Criminal No.  DKC 16-0383
                                       Civil Action No. DKC 19-0640
                                    :
UNITED STATES OF AMERICA
                                    :
```

**MEMORANDUM OPINION**

Presently pending is the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Petitioner Giovanni Oswaldo Amaya-Cornejo. (ECF No. 93). For the following reasons counsel will be appointed, an evidentiary hearing will be scheduled on one issue raised in Mr. Amaya-Cornejo's motion, and his motion will be denied in part and deferred in part pending the evidentiary hearing.

**I.  Background**

Mr. Amaya-Cornejo initially was charged with one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 841; 846. (ECF No. 1). He was subsequently charged in a Superseding Indictment with twelve additional counts that included further drug charges, an extortion charge, and two possession of firearm charges. (ECF No. 30).

On February 7, 2017, Mr. Amaya-Cornejo pleaded guilty to Count One of the Superseding Indictment, pursuant to a written plea agreement. (ECF Nos. 43-45). Mr. Amaya-Cornejo and the Government stipulated, pursuant to Fed.R.Crim.P. 11(c)(1)(C), that a sentence not less than 168 months and not more than 210 months of imprisonment was appropriate and reasonable. (ECF No. 44, at 4-5). The parties further agreed to some of the offense level guidelines, but that Mr. Amaya-Cornejo reserved the right to oppose a two-level enhancement for the use of violence as proposed by the Government. (ECF No. 44, at 4).

At the sentencing hearing on May 5, 2017, the court applied the two-level enhancement, finding Mr. Amaya-Cornejo's final adjusted offense level to be a 35. (ECF No. 105-2, at 14). Mr. Amaya-Cornejo was sentenced to 186 months of incarceration and five years of supervised release. (ECF No. 105-2, at 29).

Mr. Amaya-Cornejo filed his *pro se* notice of appeal on February 12, 2018. (ECF No. 81). The Fourth Circuit dismissed the appeal on October 10, 2018, as it was filed more than 14 days after the entry of judgment. (ECF No. 91). The motion for rehearing and rehearing en banc was also denied. Mr. Amaya-Cornejo filed this motion to vacate on February 25, 2019. (ECF No. 93).

## II. Standard of Review

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that

2

his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). A *pro se* movant is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the 28 U.S.C. § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b).

A claim for relief brought pursuant to 28 U.S.C. § 2255 that was not raised on appeal is procedurally defaulted and will only be considered if the petitioner can show cause and actual prejudice, or that the petitioner is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."). "The existence of cause for a procedural default must turn on

3

something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas*, 186 F.3d at 493. Claims of ineffective assistance of counsel may be brought in a 28 U.S.C. § 2255 motion even when not raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A conviction and sentence based on a guilty plea can only be collaterally attacked on relatively narrow grounds, including that the plea was not voluntary, that the petitioner was not advised by competent counsel, or that the court clearly lacked authority to impose the sentence. *United States v. Broce*, 488 U.S. 563, 569 (1989). In addition, statements made by a defendant during a hearing to accept his guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed without an evidentiary hearing:

> "[A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity,'" . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . "Indeed, because they do carry such a presumption, they present 'a formidable barrier in any subsequent collateral proceedings.'" . . . Thus, in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently

4

> frivolous or false." . . . Thus, in the
> absence of extraordinary circumstances, the
> truth of sworn statements made during a Rule
> 11 colloquy is conclusively established, and
> a district court should, without holding an
> evidentiary hearing, dismiss any § 2255
> motion that necessarily relies on
> allegations that contradict the sworn
> statements.

*United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005)

(internal citations omitted).

Pursuant to 28 U.S.C. § 2255(b), an evidentiary hearing is

appropriate where a petitioner "has pled facts that, if

established, entitle him to relief, and there is a material

dispute regarding those facts." *Jones v. United States*, No.

DKC-14-0176, 2018 WL 1069438, at *3 (D.Md. Feb. 27, 2018);

*accord United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988),

*abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356

(2010). "To warrant an evidentiary hearing on an ineffective

assistance of counsel claim, the [petitioner] need establish

only that he has a plausible claim of ineffective assistance of

counsel[.]" *Jones*, 2018 WL 1069438, at *3 (quoting *Puglisi v.

United States*, 586 F.3d 209, 213 (2d Cir. 2009)). The question

of whether an evidentiary hearing is necessary is "left to the

common sense and sound discretion of the district judge[.]"

*West v. United States*, No. DKC-13-0558, 2018 WL 529619, at *4

(D.Md. Jan. 24, 2018) (citing *Raines v. United States*, 423 F.2d

526, 531 (4th Cir. 1970)). "A hearing is generally 'required

when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue.'" *United States v. Smith*, No. ELH-15-457, 2015 WL 4509955, at *1 (D.Md. July 24, 2015) (quoting *United States v. Robertson*, 219 F.App'x 286, 286 (4th Cir. 2007); see *United States v. Ray*, 547 F.App'x 343, 345 (4th Cir. 2013) ("An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.") (citing *United States v. Witherspoon*, 231 F.3d 923, 926–27 (4th Cir. 2000)).

### III. Analysis

Mr. Amaya-Cornejo's motion is not entirely clear, but appears to present five arguments in support of an ineffective assistance of counsel claim: (1) counsel failed to file a timely notice of appeal (ECF No. 93-1 at 4–5, 8–10); (2) counsel failed to obtain all exculpatory evidence and impeachment material from the government (ECF No. 93-1 at 5, 10–12); (3) counsel failed to argue mitigating factors, specifically that Petitioner qualified for a minor, in-between, or minimal role participation reduction in offense level (ECF No. 93-1 at 5, 13–16); (4) counsel improperly advised him of the maximum potential penalties and the mandatory minimum that existed in the case (ECF No. 93-1 at 5, 16–17); and

(5) counsel failed to object to a two-level offense level enhancement as unconstitutionally vague (ECF No. 93-1 at 6-7, 18-20). Each argument is *titled* in Mr. Amaya-Cornejo's motion as asserting an ineffective assistance of counsel claim. The *substance*, however, of the second and fourth arguments may assert alleged errors by the court and government, and not by Mr. Amaya-Cornejo's counsel.

**A.  Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, the petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688-89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). A determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from it. *Strickland*, 466 U.S. at 697.

In the context of a § 2255 petition challenging a conviction following a guilty plea, a petitioner establishes prejudice by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  A petitioner must also "convince the court" that such a decision "would have been rational under the circumstances." *Padilla*, 559 U.S. at 372.  Therefore, a petitioner's subjective preferences are not dispositive. *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012).  Instead, "[w]hat matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *Id.*

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim.  As the Supreme Court of the United States explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, 562 U.S. 115, 132 (2011).  Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

**1.  Failure to File a Timely Appeal**

Mr. Amaya-Cornejo states several times in his verified motion that he instructed his trial counsel to file an appeal after his guilty plea.  (ECF Nos. 93, at 5; 93-1, at 2, 3).  His

counsel disputes this in an affidavit also signed under the penalties of perjury:

> My notes reflect that on the day of sentencing, I made a note to myself in the margins, to ask whether Mr. Amaya wanted to appeal his sentence, notwithstanding his waiver.  It is my custom and practice to visit with clients immediately after sentencing to discuss their right to appeal, even if there was a waiver on the record.  My notes indicate that the sentencing hearing concluded at 11:05 am.  I then had a brief meeting with Mr. Amaya's family, which was immediately followed with a meeting with Mr. Amaya that concluded at 11:15 am.  There is nothing in my notes suggesting that Mr. Amaya wanted to appeal his sentence.  Had he said as much, I would have filed it, as it would have taken only a few minutes to do so.

(ECF No. 105-3, at 2).

Mr. Amaya-Cornejo has made a colorable Sixth Amendment claim showing a disputed material fact—whether he asked his counsel to file a timely notice of appeal—and a credibility determination is necessary to resolve this issue.  An evidentiary hearing will be held to determine whether Mr. Amaya-Cornejo asked his counsel to file a timely notice of appeal.

Ruling on Mr. Amaya-Cornejo's first ineffective assistance counsel argument, and any other arguments that either would be procedurally defaulted should this first argument fail or could be considered if he is permitted to appeal, will be deferred until after the evidentiary hearing.  It is premature to consider them now.  On the other hand, Mr. Amaya-Cornejo's four

other ineffective assistance of counsel arguments can be and are addressed below, because they are without merit.

### 2. Failure to Turn Over Exculpatory and Impeachment Evidence

Mr. Amaya-Cornejo argues that counsel was ineffective because he did not object to errors by the court and government concerning disclosure of exculpatory and impeachment evidence. Mr. Amaya-Cornejo's assertion is a bare one—he does not identify any evidence that was withheld from him or which his counsel failed to obtain. This unspecific assertion does not meet Mr. Amaya-Cornejo's burden of showing his counsel's representation fell below an objective standard of reasonableness. Moreover, Mr. Amaya-Cornejo asserted at his re-arraignment that he was satisfied with the help provided to him by counsel. (ECF No. 105-1, at 30—31). Mr. Amaya-Cornejo further stated that he understood that all the motions filed on his behalf by his counsel would be effectively withdrawn if he pleaded guilty. (ECF No. 105-1, at 11). Statements made under oath at a re-arraignment hearing are binding on the defendant, absent "clear and convincing evidence to the contrary." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Mr. Amaya-Cornejo has presented no evidence to the contrary. Thus, Mr. Amaya-Cornejo has not met his burden of showing his counsel was ineffective on this ground.

### 3.   Failure to Argue Mitigating Factors

Mr. Amaya-Cornejo argues that his counsel was ineffective because he did not argue that Mr. Amaya-Cornejo was entitled to a sentencing reduction for being a minor or minimal participant under U.S.S.G. § 3B1.2.   (ECF No. 93-1, at 13).   Mr. Amaya-Cornejo stipulated in his plea agreement, however, what enhancements and reductions would be made to his offense level. (ECF No. 44, at 4).   The minor or minimal participant reduction was not among those to which he stipulated.   (ECF No. 44, at 4). Moreover, the agreement stipulated that "with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guideline factors, potential departures, or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute." (ECF No. 44, at 4).   It was not objectively unreasonable for Mr. Amaya-Cornejo's counsel to not raise an argument that Mr. Amaya-Cornejo had stipulated he would not raise, and thus which would have failed.   Mr. Amaya-Cornejo has not met his burden of showing his counsel was ineffective on this ground.

### 4.   Failure to Advise on Nature of Penalties Faced

Mr. Amaya-Cornejo asserts that he was not advised properly of the maximum penalties he faced, and that he was misadvised as to the existence of a mandatory minimum in his case.   (ECF No. 93-1, at 5). He does not state what the purported mistake was,

or what the proper advice would have been. Federal Rule of Criminal Procedure 11 requires that a court preparing to accept a defendant's guilty plea determine that the defendant understands, among other things, "any maximum possible penalty, including imprisonment, fine, and term of supervised release," and "any mandatory minimum penalty." Fed.R.Crim.P.R. 11(H);(I).

Mr. Amaya-Cornejo pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement, negotiated by himself and his counsel and the government. The parties agreed and stated in the plea agreement that between 168 and 210 months' imprisonment was an appropriate and reasonable sentence. (ECF No. 44, at 4-5). The plea agreement also set out the statutory penalties for the offense to which Mr. Amaya-Cornejo was pleading guilty. (ECF No. 44, at 2).

At Mr. Amaya-Cornejo's re-arraignment hearing the court questioned Mr. Amaya-Cornejo's understanding of the penalties he was facing:

> THE COURT:      Do you understand the charge in Count
>                 one of the indictment?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT:      A conviction on that charge, it carries
>                 a mandatory minimum sentence of ten
>                 years in prison and the sentence can be
>                 up to life in prison. A term of years
>                 of imprisonment is followed by
>                 supervised release, and that must be at
>                 least five years, and, again, can last
>                 up to the rest of your life. There is a

> possible fine of up to $10 million.
> There is a $100 special assessment.
>
> Supervised release is when someone who
> has served some time in prison is
> released on conditions of good
> behavior. If he violates those
> conditions of release, he can be
> sentenced to an additional term in
> prison, on top of whatever term was
> imposed to begin with, and without
> credit for the time that was spent on
> release. I believe the maximum term
> that can be imposed on revocation is an
> additional five years.
>
> Do you understand the mandatory minimum
> and possible maximum sentence provided
> by law for this offense?

THE DEFENDANT: Yes, Your Honor.

(ECF No. 105-1, at 8—9).

Mr. Amaya-Cornejo has not alleged that, had counsel advised him of the maximum penalties and mandatory minimums he faced (assuming that there was any error in that regard), he would have pleaded not guilty and insisted on going to trial. *Hill*, 474 U.S. at 59. Moreover, he was advised during his re-arraignment hearing of the maximum penalties and the mandatory minimums he faced before he pleaded guilty. Being so advised did not change his decision to plead guilty and forego trial. Thus, he has not established prejudice and therefore has not met his burden of showing his counsel was ineffective on this ground.

13

### 5.   Failure to Challenge Enhancement

Mr. Amaya-Cornejo argues that his counsel was ineffective for not arguing that the 2-level enhancement for using violence was void for vagueness.[1]  (ECF No. 93-1, at 6-7).  Specifically, he seems to assert that two cases, *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), render his two-level enhancement under 18 U.S.C. § 924(c) unconstitutionally vague, and that his counsel therefore should have objected to the enhancement.

Mr. Amaya-Cornejo's enhancement was not made under 18 U.S.C. § 924(c), however, but under U.S.S.G. § 2D1.1(b)(2). (ECF No. 44, at 4).  That distinction is critical because the Sentencing Guidelines are not subject to void for vagueness challenges.  *Beckles v. United States*, 137 S.Ct. 886, 892 (2017) (holding the Sentencing Guidelines are merely advisory and not subject to void for vagueness challenges).  Thus, it was not unreasonable for Mr. Amaya-Cornejo's counsel to refrain from raising a void for vagueness objection.  Mr. Amaya-Cornejo has

---

[1] Mr. Amaya-Cornejo's motion mistakenly asserts that he received a wrongful two-level enhancement for use of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1).  His enhancement was actually for the use of violence, subsection (b)(2).  (ECF Nos. 105-2, at 14; 44, at 4).  The difference is immaterial here, as Mr. Amaya-Cornejo's argument is the same irrespective of the subsection—that his counsel was ineffective for not objecting to the enhancement as void for vagueness.  As explained below, a void for vagueness challenge fails whether brought against subsection (1) or (2).

not met his burden of showing his counsel was ineffective on this ground.

### B.   Remaining Arguments

Mr. Amaya-Cornejo's only remaining arguments are his first ineffective assistance of counsel argument and the arguments asserting error on the part of the court and the government. The resolution of those arguments is deferred pending the evidentiary hearing.

## IV.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.   A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).   Where a motion is denied on a

15

procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

As to those issues resolved against Mr. Amaya-Cornejo thus far, he does not satisfy the above standards. Accordingly, a certificate of appealability will not issue and that determination will be included in the final order entered after the evidentiary hearing.

## V. Conclusion

For the foregoing reasons, counsel will be appointed for Mr. Amaya-Cornejo, an evidentiary hearing will be scheduled on a single issue in Mr. Amaya-Cornejo's motion to vacate, set aside, or correct sentence, and the motion will be denied in part and deferred in part pending the evidentiary hearing. A separate order will follow.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
